UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GAYE E. LAFOE, ) | |
| ) | Case No. 1:14-cv-335 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| *Defendant*. | |

## ORDER

On February 1, 2016, United States Magistrate Judge Susan K. Lee filed a Report and Recommendation ("R&R") in this case, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). (Doc. 19.) Magistrate Judge Lee recommended that (1) Plaintiff's Motion for Judgment on the Pleadings (Doc. 12) be denied; (2) Commissioner's Motion for Summary Judgment (Doc. 15) be granted; (3) the Commissioner's decision denying benefits be affirmed; and (4) this action be dismissed. Plaintiff filed timely objections to the Magistrate Judge's R&R (Doc. 20), and the Commissioner responded, (Doc. 23).

## I. STANDARD OF REVIEW

The Court must conduct a *de novo* review of portions of the Magistrate Judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. 636(b)(1) (2014); Fed. R. Civ. P. 72(b) (2014); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court's standard of review is

essentially the same as the Magistrate Judge's—review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were applied. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.,* 39 F.3d 115, 117 (6th Cir. 1994); *Brainard,* 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen,* 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.,* No. 90–3061, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the Magistrate Judge's R&R, then the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

2

> A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a Magistrate Judge's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.

*VanDiver*, 304 F. Supp. 2d at 937.

## II. ANALYSIS[1]

Plaintiff raises two objections to the Magistrate Judge's R&R. First, Plaintiff claims the ALJ "failed to . . . specify the weight ascribed to all medical opinions." (Doc 20, at 1.) Second, Plaintiff argues the ALJ violated the treating physician's rule by improperly relying on medical evidence to discount the opinions of three treating physicians. (*Id.*) The Commissioner responds only that Plaintiff's objections restate arguments set forth in her initial brief, which were addressed by the Magistrate Judge's R&R; therefore, Plaintiff's objections should be overruled. (Doc. 23.) Upon consideration of the evidence as a whole, the Court finds that Plaintiff's objections should be **OVERRULED**.

### A. Weight Given to Medical Opinions

Plaintiff's first objection—that the ALJ erred by not specifying the weights ascribed to each medical opinion—merely restates an argument made in her motion for judgment on the pleadings. (*Compare* Doc. 13, at 6–13 *with* Doc. 19, at 11–22.) This argument was fully addressed by Magistrate Judge Lee's R&R. (*See generally* Doc. 19.)

As Magistrate Judge Lee found, there was substantial evidence in the record to

---

[1] Because Plaintiff does not object to the Magistrate Judge's recitation of facts, the Court will not reiterate them here.

support the ALJ's RFC determination (*Id.* at 21), because the ALJ provided "good reasons" for not granting deference to the treating physicians and "there is no requirement that the ALJ give good reasons for the weight afforded to the opinions of examining or consulting physicians who do not qualify as treating physicians," (*Id.* at 19 (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875–76 (6th Cir. 2007))). Accordingly, the Court agrees with Magistrate Judge Lee's well-reasoned conclusion as to this argument. The objection is **OVERRULED**.

### B. Treating Physician's Rule

Plaintiff also objects to the Magistrate Judge's R&R on grounds that the treating physician's rule has been violated.[2] The treating physician's rule is well-established in this Circuit. Ultimately, making the disability determination is "the prerogative of the Commissioner, not the treating physician." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) (internal alteration omitted)). However, the Social Security regulations require ALJs to generally afford the opinions of claimant's treating physicians substantial deference. 20 C.F.R. § 404.1527(c)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Such deference is controlling only when a treating physician's opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is

---

[2] Despite the Commissioner's assertion that Plaintiff's objection merely recites her prior argument, there is a nuance between the error in applying the treating physician's rule that Plaintiff alleged in her motion for judgment on the pleadings and the objection she has alleged here. (*See* Docs. 12, 13.) Although Plaintiff's current objection also pertains to the treating physician's rule, the objection here—that the ALJ and Magistrate Judge have both relied on an incorrect resuscitation of the medical evidence—is narrower in scope than her previous argument. (Doc. 13, at 6–10; Doc. 20, at 5.)

not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2).

If an ALJ ultimately elects to discount a treating physician's opinion, she must provide "good reasons" for doing so. 20 C.F.R. § 404.1527(c)(2). These "good reasons" must "be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). Failure to follow this requirement "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). A failure to provide "good reasons" may require remand, as the purpose of the rule is to provide claimants with adequate notice and fair process. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009).

At step two of the five-step evaluative process[3], the ALJ determined that Plaintiff

---

[3] In determining eligibility for disability benefits the Commissioner, through the ALJ, must proceed through the following five-step evaluative process. 20 C.F.R. § 1520; 20 C.F.R. § 416.920. The five-step evaluative process may be generally summarized as follows: (1) if claimant is engaging in substantial gainful activity, he/she is not disabled; (2) if claimant does not have a "severe impairment," he/she is not disabled; (3) if claimant's impairment or the combination of claimant's impairments meets or equals a "listed impairment," he/she is disabled; (4) if claimant is capable of returning to work he/she has done in the past, he/she is not disabled; and (5) if the claimant can do other work that exists in significant numbers in the regional or national economy, he/she is not disabled. 20 C.F.R. § 1520; 20 C.F.R. § 416.920. The claimant bears the burden of proof at the first four steps. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). At the fifth step, the burden of proof shifts to the Commissioner to prove there is work available in the national economy that claimant could perform. *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987)).

5

suffered from severe impairments of "a history of lumbar surgery, chronic left ankle tendonitis, and obesity." (Doc. 8, at 20.) The ALJ did not list inflammatory arthritis as a severe impairment despite Drs. Orquia, Dorizas, and Craig finding otherwise. (*Id.*) Instead, as Judge Lee's R&R discussed more fully, the ALJ found Dr. Brit's treating relationship to be more consistent with the medical evidence. (*Id.* at 20–21, 23, 24–25; Doc. 19, at 14–16.) As to not listing inflammatory arthritis as a severe impairment specifically, the ALJ explained that the "diagnosis was considered by a treating rheumatologist [Dr. Brit] in 2010, 2011, and 2012, but was never established to that specialist's satisfaction." (Doc. 8, at 20.) The Magistrate Judge affirmed this finding and determined that Dr. Brit had been unable to "substantiate a diagnosis of inflammatory arthritis during the relevant period." (Doc. 19, at 15.)

Both the ALJ and the Magistrate Judge substantiated de-valuing the opinions of treating physicians Drs. Orquia, Dorizas, and Craig in favor of the opinion of treating physician Dr. Michael Brit, who they claimed did not diagnose Plaintiff with inflammatory arthritis during the relevant period. (Doc. 8, at 20; Doc 19, at 14–16.) Plaintiff claims those findings were based on an "incorrect recitation of the medical evidence" because she claims Dr. Brit did in fact diagnose her with "undifferentiated inflammatory arthritis on March 28, 2011. (Doc. 20, at 5–7; Doc. 8, at 254.) As such, Plaintiff claims discounting her other treating physician's opinions in favor of Dr. Brit's opinion was reversible error. (*Id.*) Therefore, while Plaintiff's objection falls squarely under the umbrella of the treating physician's rule, the analysis must go beyond that and

6

determine whether the decision to favor Dr. Brit's opinion over the other three alleged treating physicians was substantially justified.

Plaintiff claims Dr. Brit diagnosed her with inflammatory arthritis during the relevant period of inquiry. (*See* Doc. 20.) She specifically relies on medical records from March 28, 2011, which list "[u]ndifferentiated inflammatory arthritis, overall symptomatic improvement" as one of Dr. Brit's impressions to show that Dr. Brit diagnosed her with the impairment. (Doc. 8, at 251.) Plaintiff claims that by relying on the inaccurate claim that Dr. Brit never diagnosed her of inflammatory arthritis during the insured period, the "error bled into the remainder of the ALJ's decision" and constitutes reversible error. (*Id.* at 6.)

Contrary to Plaintiff's objection, although the March 28, 2011 record lists "undifferentiated inflammatory arthritis, overall symptomatic improvement" as an impression, the record also provides ample evidence from which a reasonable finder of fact could have found, and did find, that the evidence demonstrated that a diagnosis had not been made at that time. (*Id.*) For instance, on Plaintiff's May 22, 2012 visit, Dr. Brit examined the Plaintiff for "*seemingly* inflammatory arthritis." (*Id.*) On that occasion, Dr. Brit noted that although he had recommended that Plaintiff treat herself with methotrexate, she had self-discontinued that treatment and had not resumed. (*Id.*) Additionally, Dr. Brit's physical examination indicated that there were "no signs of inflammatory arthritis on examination of the hands and wrists, elbows or shoulders." (*Id.*) And finally, Dr. Brit indicated that although he had written "undifferentiated inflammatory arthritis" on his previous treatment record, the "[u]nifying *diagnosis*

7

remain[ed] unclear." (*Id.*)

On her next visit, on July 24, 2012, over fifteen months after Plaintiff claims Dr. Brit definitively diagnosed her with inflammatory arthritis, Dr. Brit continued his evaluation of Plaintiff "for undifferentiated and *possibly* inflammatory arthritis." (Doc. 8, at 513 (emphasis added).) Not only did Dr. Brit note that he was evaluating for the *possibility* of inflammatory arthritis, he also noted that despite treating Plaintiff since 2010 and "in spite of [his] previous effort, [he had] not found undisputable signs of inflammation in patient's joints." (*Id.* at 514.) Finally, on this occasion, Dr. Brit listed his impression not as inflammatory arthritis but instead as "[d]iffure pain syndrome." (*Id.*) On this same occasion, Dr. Brit declined to complete disability papers on Plaintiff's behalf. (*Id.* at 513, 515.)

Standing alone and without contradictory evidence, Dr. Brit's March 28, 2011 "impression" may have provided sufficient evidence from which one could conclude that a diagnosis of inflammatory arthritis had been made. However, because subsequent medical evidence from the same treating physician indicates, at best, conflicting evidence and, at most, a finding entirely contrary to Plaintiff's objection, the Court finds there was certainly substantial justification for the ALJ's decision—and the Magistrate Judge's affirmation of the ALJ's decision. The Court may not re-weigh the evidence or resolve conflicts in the evidence. *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984). In fact, if there is conflicting evidence, it is up to the ALJ to resolve that conflict. *See Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 436 (6th Cir. 2010). In this instance, because there was ample evidence to suggest that the ALJ did not make an inaccurate recitation of

8

the medical records, the Court finds the ALJ's decision to be substantially justified.

## III. CONCLUSION

Having conducted a comprehensive and exhaustive review of Magistrate Judge Lee's Report and Recommendation, as well as all the record evidence presented in this case, for the reasons stated above the Court agrees with Judge Lee's well-reasoned conclusions.

Accordingly:

I. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations (Doc. 19) pursuant to § 636(b)(1) and Rule 72(b);

II. Plaintiff's Objections (Doc. 20) are **OVERRULED**;

III. Plaintiff's Motion for Judgment on the Pleadings (Doc. 12) is **DENIED**;

IV. Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED**; and

V. This case is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**